WILLIAM HERRIES, APPELLANT, *v.* EDWARD B. WESLEY AND THOMAS C. PLATT, IMPLEADED WITH OTHERS, RESPONDENTS.

*Chap.* 40 *of* 1848 — *trustees of corporation must be stockholders* — *how the fact that a person is a stockholder may be proved.*

Chapter 40 of 1848 requires that the trustees of the corporations created thereunder shall be stockholders of the company; defendant had signed and acknowledged the articles of association of a corporation created thereunder, and was named a trustee therein.

*Held,* in an action brought by a laborer under section 18 of said act to charge him individually with the payment for services rendered to the company, that he could not deny that he was, at the time of signing the articles, a stockholder thereof.

Where one has been shown to be a stockholder at the time of the organization of the company, he will be presumed to continue to be one until the contrary is established.

Section 25 of said act providing that the book containing the names of the stockholders which the company is required to keep "shall be presumptive evidence of the facts therein stated in favor of the plaintiff in any suit against any stockholder," does not make such book the only or even the best evidence of the fact that the defendant was a stockholder.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

*Denis A. Spellissey,* for the appellant.

*William H. Arnough,* for the respondents.

INGALLS, J.:

This action was brought by the plaintiff to recover for services rendered by himself and his assignors, as laborers of the "New York Republican Newspaper Association," against the defendants as the stockholders of such corporation. It was established upon the trial that the services were rendered as claimed. That the above-named association was duly incorporated under the Laws of 1848, chapter 40.

The referee decided the case upon the ground that the plaintiff had failed to prove that the defendants, *or either of them,* were

stockholders at the time the debts were contracted. This presents the only question to be considered upon this appeal. The articles of association were put in evidence, by which it appears that the defendants signed and acknowledged them, and were therein named two of the trustees.

The referee in his report, finds as follows: "Ninth, that the plaintiff has failed to prove that the above-named defendants, Wesley and Platt, *or either of them*, were stockholders in the "New York Republican Newspaper Association" at the time the debts were contracted, upon which this action is brought. The eighteenth section of said act of 1848 provides, "the stockholders of any company organized under the provisions of this act shall be jointly and severally, individually liable for all debts that may be due and owing to all their laborers, servants, and apprentices, for services performed for such corporation." The third section of the same act provides: "The stock, property and concerns of such company shall be managed by not less than three, nor more than nine *trustees who shall be stockholders in such company.*" The articles of association furnish, at least, *prima facie* evidence that the defendants were stockholders at the time the company was organized. They are, in law, presumed to have understood the relation which they bore to the corporation, which they were instrumental in creating. To be trustees they were *required to be stockholders*, and in that capacity they presented themselves to the public, and should not be allowed to deny that relation to the corporation against persons who have rendered services as laborers for such association, upon facts such as were established upon the trial.

Having been thus shown to be stockholders at the time the corporation was formed, they will be presumed to continue such until the contrary shall be established. (*Strong* v. *Wheaton*, 38 Barb., 617, 622; 1 Greenleaf on Ev., 3d p., 105, § 41.)

The mere fact that the book offered showed that *Wesley* had resigned as trustee, did not destroy the presumption that he was a stockholder, which he might well continue to be, although not a trustee; for while he could not, legally, be a trustee without being a stockholder, he might very consistently be a stockholder and not a trustee. The twenty-fifth section of the act provides for keeping

a book to contain the names of the stockholders, and declares that "such book shall be presumptive evidence of the facts therein stated in favor of the plaintiff in any suit against any stockholder." The statute does not declare that it shall be the only evidence, or even the best evidence. This provision of the statute cannot properly be held to exclude the evidence offered at the trial.

The complaint should not have been dismissed by the referee upon the facts proved by the plaintiff.

The judgment should be reversed, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.